UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      Case No. 8:18-cr-27-T-33AEP

CANDIDO CRESPO DELGADO
_____/

**ORDER**

This cause is before the Court pursuant to the United States' Unopposed Motion for Pretrial Determination of Jurisdiction (Doc. # 27), which was filed on June 6, 2018. The Court grants the Motion as follows.

**Discussion**

The January 17, 2018, Indictment charges that Delgado and his co-Defendants "did knowingly and willfully combine, conspire, and agree with each other and with other persons . . . to distribute and possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine" (count one) and "did knowingly and intentionally, while aiding and abetting each other . . . possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine" (count two). (Doc. # 1).

A jury trial is scheduled to take place during the July 2018, trial term. (Doc. # 71). At trial, the Government

intends to prove that on December 29, 2017, the United States Coast Guard interdicted a low-profile vessel in international waters approximately 205 nautical miles northwest from the border of Colombia and Ecuador. Members of the Coast Guard identified the crew as Defendants Andres Zalazar Guzman, Candido Crespo Delgado, and Montano Grueso Gerson Stiven. Officer James Darby, acting as a translator, asked the three Defendants who was the master of the vessel. Guzman identified himself as the master of the vessel. Guzman claimed Mexican nationality for himself, but would not make any claims of nationality for the vessel. Guzman also indicated that he did not know the vessel's last port of call, next port of call, or homeport. The vessel lacked all indicia of nationality: it displayed no flag, port, name, or registration number. The vessel, therefore, was treated as a vessel without nationality, and subject to the jurisdiction of the United States.

Pursuant to 46 U.S.C. § 70502(c)(1)(A), "a vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." And, a "vessel without nationality" includes a "vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of

United States law, to make a claim of nationality or registry for that vessel." 46 U.S.C. § 70502(d)(1)(B).

Even though the case is set for a jury trial, the determination of jurisdiction is a matter solely within the trial court's province, and is not an element of the offense. 46 United States Code Section 70504, which was revised and became effective on December 12, 2017, states: "Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense" and "Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." See also United States v. Tinoco, 304 F.3d 1088, 1111 (11th Cir. 2002).

Here, the United States submits that no claim of nationality was made by Guzman, or any other crewmembers. Pursuant to §§ 70502(c)(1)(A) and 70502(d)(1)(B), the Court finds that jurisdiction is present in this case. Furthermore, the Defendant agrees to the finding of jurisdiction. (Doc. # 76 at 3).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The United States' Unopposed Motion for Pretrial Determination of Jurisdiction (Doc. # 27) is **GRANTED.**

(2) The Court finds that the vessel interdicted by the United States Coast Guard on December 29, 2017, and which Candido Crespo Delgado was onboard, is a vessel "subject to the jurisdiction of the United States."

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of June, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE